**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X   **Case No.**

BELLA WAGNER,

                                Plaintiff,                  **COMPLAINT**

         - against -

                                           **PLAINTIFF DEMANDS**

M.A.C. COSMETICS INC., and KATIE FRASCO,      **A TRIAL BY JURY**
*individually*,

                            Defendants.

------------------------------------------------------------------------X

       Plaintiff, BELLA WAGNER, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at

Law, PLLC, hereby complains of Defendants, upon information and belief, as follows:

### NATURE OF THE CASE

1.     Plaintiff complains pursuant to **Title VII of the Civil Rights Act of 1964**, as amended, 42

       U.S.C. § 2000e *et. seq.* ("Title VII"), the **Americans with Disabilities Act of 1990**, 42 U.S.C.

       § 12101, *et seq.* ("ADA"), the **New York State Human Rights Law**, New York State

       Executive Law, § 296 ("NYSHRL"), and the **New York City Human Rights Law**, New York

       City Administrative Code § 8-107, *et. seq.* ("NYCHRL"), and seeks damages to redress the

       injuries Plaintiff suffered as a result of being discriminated and retaliated against, by her

       employer, due to her **actual or perceived gender (Transgender Female)**, and **denied a**

       **reasonable accommodation** for her **actual or perceived disabilities (anxiety and**

       **depression)**.

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court is proper under 42 U.S.C. §12101 *et. seq.*, and 28 U.S.C. §§ 1331

       and 1343.

3.     The Court has supplemental jurisdiction over the claims of Plaintiff brought under state and

city laws pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this district in that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. §1391(b).

## PROCEDURAL PREREQUISITES

5.      Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6.      Plaintiff received a Notice of Right to Sue from the EEOC, dated December 21, 2017 with respect to the herein charges of discrimination. A copy of the Notices is annexed hereto.

7.      This Action is being commenced within 90 days of receipt of said Right to Sue

## PARTIES

8.      That at all times relevant hereto, Plaintiff BELLA WAGNER ("WAGNER" or "Plaintiff") is a resident of the State of New York and County of the Bronx.

9.      That at all times relevant hereto, Defendant M.A.C. COSMETICS INC. ("MAC") is a foreign corporation operating under the laws of the State of Delaware, with its principal place of business located at 7 Corporate Center Drive, Melville, New York 11747.

10.     That at all times relevant hereto, Plaintiff was an employee of Defendant MAC.

11.     Upon information and belief, at all times material, Defendant KATIE FRASCO ("FRASCO") was and is an individual residing in the State of New York.

12.     That at all times relevant hereto, Defendant FRASCO was an employee of Defendant MAC, holding the position of "Manager of Retail Operations."

13.     That at all times relevant hereto, Defendant FRASCO was Plaintiff's supervisor and/or had supervisory authority over Plaintiff. Defendant FRASCO had the ability to hire, fire, and

affect the terms and conditions of Plaintiff's employment.

14.    Plaintiff is a transgender female.

15.    Upon information and belief, Defendant FRASCO is a cis-gender female.

16.    Defendants, MAC and FRASCO, are collectively referred to herein as "Defendants."

## MATERIAL FACTS

17.    In or around September 2005, Plaintiff began working for Defendant MAC as a "Part-Time
       Cashier" at the Macy's Herald Square Location. Plaintiff began earning an hourly rate of
       approximately $16.00.

18.    Plaintiff worked her way up through several positions with Defendant MAC, each time being
       promoted to the next level, until she became "Store Manager" of the MAC Grand Central
       Location, at 107 E 42nd Street, Space MC-66, New York, New York 10017, in or around
       April 2013 (the "Grand Central Location"). This was a premier MAC location.

19.    Plaintiff's most recent base salary was $80,000.00, not including commission.

20.    At all times relevant, Plaintiff was an exemplary employee. For example, in 2011, 2012, and
       2013, Plaintiff received performance reviews of "Highly Effective." In addition, in 2014 and
       2015, Plaintiff received performance reviews of "Commendable."

21.    On or about September 1, 2015, Plaintiff began hormone therapy to transition from male to
       female.

22.    Due to the hormone therapy, Plaintiff began having significant changes to her face and body.

23.    Around this time, Plaintiff became more comfortable discussing her transition and anticipated
       gender reassignment procedures that she would later undergo.

24.    In or around November or December 2015, Plaintiff informed co-workers about her decision
       to undergo gender reassignment surgery.

25.    In January 2016, the signs of Plaintiff's transition became clear, Defendant FRASCO and Monica Garcia ("Ms. Garcia"), then Senior Retail Manager at the Grand Central Location, began harassing Plaintiff.

26.    On or about February 18, 2016, Defendant FRASCO and Ms. Garcia gave Plaintiff a Written Warning, based on alleged shortcomings with her job performance, without a formal discussion prior to its execution. ("February 18th Written Warning").

27.    On or about February 24, 2016, Plaintiff contacted The Hartford and informed them that she would be starting her leave of absence to begin her surgical transition process.

28.    On or about August 10, 2016, Plaintiff legally changed her name to Bella Wagner.

29.    On or about August 21, 2016, Plaintiff returned from her leave of absence.

30.    Soon after Plaintiff's return, she found that staff members, management, and customers at the Grand Central Location, refused to properly address Plaintiff by her correct pronoun or name. This offended Plaintiff and subjected her to discriminatory conduct. Due to these continued issues, Plaintiff requested that she be transferred to a new location, to have a fresh start in a new environment.

31.    On or about August 22, 2016, Plaintiff spoke to Christine Lin ("Ms. Lin"), a Human Resources ("H.R.") Representative, about the unfair and improper February 18th Written Warning.

32.    On or about November 21, 2016, after allegedly investigating the February 18th Written Warning, Ms. Lin reduced the February 18th Written Warning to a Counseling. ("Revised Counseling").

33.    On this day, Defendant FRASCO also denied Plaintiff's request to transfer, based on the Revised Counseling.

4

34.   On or about January 6, 2017, Defendant FRASCO placed Plaintiff on a second Written Warning, using the allegations from the Revised Counseling. ("January 6th Written Warning").

35.   On or about January 7, 2017, Plaintiff e-mailed Defendant FRASCO addressing the January 6th Written Warning and why the allegations were incorrect.

36.   Soon thereafter, Plaintiff attempted to contact Lusi Smith ("Ms. Smith"), Field Executive Director of Sales and Training, and sent her three e-mails. However, Ms. Smith never responded to Plaintiff.

37.   In or around this time, Plaintiff also attempted to contact Melissa Reid ("Ms. Reid"), Executive Director for H.R., to provide feedback on Ms. Lin's inappropriate and discriminatory conduct. Ms. Reid refused to listen to Plaintiff and told her to speak to Henry Sandbach ("Mr. Sandbach"), then Director H.R. – Retail MAC Cosmetics - USA.

38.   On or about January 24, 2017, Plaintiff sent an e-mail to Mr. Sandbach. However, Mr. Sandbach supported Ms. Lin's position as it related to the January 6th Written Warning.

39.   On or about January 23, 2017, Defendant FRASCO placed Plaintiff on a Third Written Warning, alleging continued job performance issues. ("January 23rd Written Warning").

40.   Making matters worse, Defendant FRASCO deliberately referred to Plaintiff as male, despite Plaintiff had been living as a female for over a year.

41.   Upon information and belief, on or about February 16, 2017, Brooke Jones ("Ms. Jones"), a make-up artist, fabricated a complaint to Jessica Gonzalez ("Ms. Gonzalez"), then Senior Retail Manager and Plaintiff's direct supervisor, about the way Plaintiff conducted closing procedures (the "February 16th Complaint").

42.   Upon information and belief, Plaintiff completed all closing procedures in a manner

consistent with MAC procedures and/or practice. Ms. Jones had not voiced any issue with Plaintiff's closing procedures until after Plaintiff announced her transition process.

43.     Plaintiff realized that prior to announcing her transition, that she had a clear employment record with no disciplinary actions. However, afterwards she had amassed multiple disciplinary actions regarding her work performance.

44.     On or about February 22, 2017, due to the hostile work environment, Plaintiff went on medical leave to deal with her anxiety and depression caused by Defendants' unlawful and discriminatory conduct.

45.     On or about August 3, 2017, Plaintiff e-mailed Ms. Lin and stated that she would like to return to work, but needed an accommodation in the form of a transfer to another MAC location. This accommodation was need to manage Plaintiff's anxiety and depression, as her doctor would not clear her to return to work, if she was to return to the Grand Central Location, because it could re-triggered. Plaintiff also stated that she felt targeted by management, due to her transition. In addition, Plaintiff explained that she never had issues with work performance, prior to her announcement of her transition.

46.     On or about August 4, 2017, Ms. Lin responded to Plaintiff stating that she would look into the request and get back to Plaintiff. However, from August 3, 2017 to August 22, 2017, Ms. Lin did not inform Plaintiff about the status of her requested transfer.

47.     On or about August 22, 2017, Ms. Lin e-mailed Plaintiff and advised her to contact The Hartford and submit her "return to work" paperwork.

48.     That day, Plaintiff submitted her Return to Work paperwork to The Hartford. Plaintiff also requested two (2) weeks' vacation, in order to be paid for the waiting period, necessary for her paperwork to be processed.

49.     On or about August 31, 2017, Ms. Lin received Plaintiff's medical clearance.

50.     During the week of August 28, 2017, Ms. Lin e-mailed Plaintiff and asked her to come in for an update on September 5, 2017. However, this meeting was cancelled.

51.     On September 18, 2017, Ms. Lin e-mailed Plaintiff and invited her to the Corporate Office, located at 130 Prince Street, New York, New York, 10012, on September 20, 2017.

52.     On September 20, 2017, Plaintiff went into the Corporate Office and met with Jessica Gonzalez, Scott Mayhugh, Director of H.R., Retail & Field, North America, and Ms. Lin, who was on the phone.

53.     During this meeting, they informed Plaintiff that she was being terminated for "inability to meet company standards." They also stated that based on Ms. Jones' February 16th Complaint, Plaintiff had violated a company policy.

54.     Upon information and belief, Defendants never fully investigated Ms. Jones' complaint. Defendants also never approached Plaintiff to permit her the ability to defend herself against those allegations.

55.     They also stated that based on the Revised Counseling, January 6th Written Warning, January 23rd Written Warning, as well as, Ms. Jones' complaint, they were terminating Plaintiff.

56.     In addition, Defendants provided Plaintiff with a termination letter, on the spot.

57.     **This reason for termination is merely pretextual. But for the fact that Plaintiff was transitioning to a female, Defendants would not have treated her differently**.

58.     If Plaintiff had not requested an accommodation in the form of a transfer she would not have been terminated.

59.     Plaintiff could have performed all of her job functions with reasonable accommodation.

60.     Plaintiff requested a reasonable accommodation in order to manage her anxiety and

depression.

61.     Defendants denied Plaintiff a reasonable accommodation for her disability (anxiety and depression).

62.     Defendants also failed to engage in an interactive process with Plaintiff in regard to her request for a reasonable accommodation; instead, choosing to terminate her immediately upon her attempt to return to work.

63.     Plaintiff feels offended, disturbed, and humiliated by the blatantly unlawful and discriminatory termination.

64.     Plaintiff has been unlawfully discriminated against, was humiliated, retaliated against, has been degraded and belittled; and as a result, suffers loss of rights, emotional distress, loss of income, earnings and physical injury.

65.     Plaintiff's performance was, upon information and belief, above average during the course of employment with Defendants.

66.     **Defendants' actions and conduct were intentional and intended to harm Plaintiff**.

67.     As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

68.     As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

69.     As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of the Court.

70.    Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

71.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

72.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the Defendant. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex (actual or perceived gender identity).

73.    Defendant MAC engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her sex (actual or perceived gender identity).

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATTION UNDER TITLE VII
### (Not Against Individual Defendant)

74.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

75.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

76.     Defendant MAC engaged in unlawful employment practice prohibited by 42 U.S.C. § 2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of the Defendant MAC.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT (Not Against Individual Defendant)

60.     Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

61.     Plaintiff claims Defendant MAC violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

62.     Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

63.     Defendant MAC engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disabilities and refusing to provide Plaintiff with a reasonable accommodation.

64.     As such, Plaintiff has been damaged as set forth herein.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE LAW

77.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

78.     Executive Law § 296 provides that:

> 1.   It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, **disability**, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

79.     Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her actual or perceived gender identity (Transgender Female) and disability (anxiety and depression).

### AS A FIFTH CAUSE OF ACTION FOR RETALIATION
### UNDER THE NEW YORK STATE LAW

80.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

81.     Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

82.     Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her opposition to the unlawful employment practices of the Defendants.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

83.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

84.     The Administrative Code of City of NY § 8-107 [1] provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived

> age, race, creed, color, national origin, **gender**, **disability**, marital
> status, sexual orientation or alienage or citizenship status of any
> person, to refuse to hire or employ or to bar or to discharge from
> employment such person or to discriminate against such person in
> compensation or in terms, conditions or privileges of employment.

85. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her actual or perceived gender identity (Transgender Female) and disability (anxiety and depression).

## AS A SEVENTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (As Against the Individual Defendant Only)

86. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

87. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

88. Defendant FRASCO engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS AN EIGHTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

89. Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

90. New York City Human Rights Law, Administrative Code §8-107(19) provides that:

> "Interference with protected rights. It shall be an unlawful
> discriminatory practice for any person to coerce, intimidate, threaten
> or interfere with, or attempt to coerce, intimidate, threaten or

> interfere with, any person in the exercise or enjoyment of, or on account of his or his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

91.   Defendants violated the section cited herein as set forth.

92.   As such Plaintiff has been damaged as set forth herein.

### AS A NINETH CAUSE OF ACTION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

93.   Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

94.   The New York City Administrative Code Title 8, §8-107 (7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person **has opposed any practices** forbidden under this chapter. . ."

95.   Defendants violated the section cited herein as set forth.

### JURY DEMAND

96.   Plaintiff requests a jury trial on all issues to be tried.

   **WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.   Declaring that Defendants engaged in unlawful employment practices prohibited by the **Title VII of the Civil Rights Act of 1964**, the **Americans with Disabilities Act**, the **New York State Human Rights Law**, New York State Executive Law, § 296, and the **New York City Human Rights Law**, New York City Administrative Code § 8-107, *et. seq.*, in that Defendants discriminated and retaliated against Plaintiff on the basis of her actual or perceived gender identity (Transgender Female), and denied her a reasonable accommodation on the basis of her actual or perceived disability (anxiety and depression);

B.     Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.     Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.     Awarding Plaintiff punitive damages;

E.     Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.


Dated: New York, New York
       January  9 , 2018

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**


                        By:     _____
                                Marjorie Mesidor, Esq.
                                Brittany A. Stevens, Esq.
                                *Attorneys for Plaintiff*
                                45 Broadway, Suite 620
                                New York, New York 10006
                                (212) 248-7431
                                mmesidor@tpglaws.com
                                bstevens@tpglaws.com